**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Christopher Turner, | |
| Plaintiff, | |
| vs. | Case No.: |
| Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union, LLC, Capital One Bank USA, N.A., Bank of America, N.A., Credit One Bank, N.A., First Premier Bank, and Synovus Bank dba First Progress, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

NOW COMES THE PLAINTIFF, CHRISTOPHER TURNER, by and through counsel, and for his Complaint against the Defendants pleads as follows:

## JURISDICTION

1.      Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.      This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3.      The transactions and occurrences which give rise to this action occurred in the City of Chicago, Cook County, Illinois.

4.      Venue is proper in the Northern District of Illinois, Eastern Division.

## PARTIES

5.      Plaintiff is natural person residing in the city of Chicago, Cook County, Illinois.

6.      The Defendants to this lawsuit are:

a.      Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Cook County, Illinois;

b.      Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Sangamon County, Illinois;

c.      Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Sangamon County, Illinois;

d.      Capital One Bank, USA, N.A. ("Capital One"), which is a national banking association headquartered in Richmond, Virginia;

e.      Bank of America, N.A. ("Bank of America"), which is a national banking association headquartered in Charlotte, North Carolina;

f.      Credit One Bank, N.A. ("Credit One"), which is a national banking association headquartered in Las Vegas, Nevada;

g.      First Premier Bank ("First Premier"), which is a national banking association headquartered in Sioux Falls, South Dakota;

h.      Synovus Bank dba First Progress ("First Progress"), which is a state-chartered bank organized under the laws of the state of Georgia and headquartered in Columbus, Georgia.

2

## GENERAL ALLEGATIONS

7.      The following trade lines are incorrectly reporting on Plaintiff's Experian, Equifax and Trans Union credit files ("Bogus Trade Lines"):

       a.      Bank of America;

       b.      Capital One, Account Number: 51780598XXXX;

       c.      Credit One Bank, N.A.;

       d.      First Premier; and

       e.      First Progress.

8.      None of the above Bogus Trade Lines belong to Mr. Turner.  Further, Mr. Turner has never done business with First Premier, First Progress, Bank of America or Credit One.  Upon information and belief, his credit files have been merged with someone with a similar name and/or Social Security Number.

9.      On or about September 16, 2016, Mr. Turner obtained his credit files and noticed several trade lines and incorrect names that did not belong to him.

10.     On or about April 23, 2017, Mr. Turner obtained his credit files and noticed the Bogus Trade Lines reporting on his credit files.

11.     On or about May 10, 2017, Mr. Turner submitted letters to Experian, Equifax and Trans Union to dispute the Bogus Trade Lines.  He asked Experian, Equifax and Trans Union to remove the Bogus Trade Lines from his credit files.

12.     Upon information and belief, Experian, Equifax and Trans Union forwarded Mr. Turner's consumer dispute to Bank of America, First Progress, Capital One, Credit One and First Premier.

3

13.     On or about May 24, 2017, Mr. Turner received correspondence from Trans Union stating that it is in the process of investigating his dispute.  However, Mr. Turner did not receive investigation results from Trans Union.

14.     Mr. Turner did not receive investigation results from Experian, so on or about June 25, 2017, he obtained his Experian credit file, which showed that Bank of America, Capital One, Credit One, First Progress and Bank of America continued to report the Bogus Trade Lines.

15.     Mr. Turner also did not receive investigation results from Equifax.

16.     As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY BANK OF AMERICA

17.      Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

18.     After being informed by Experian, Equifax and Trans Union of Mr. Turner's consumer dispute of the Bogus Trade Lines, Bank of America negligently failed to conduct a proper investigation of Mr. Turner's dispute as required by 15 USC 1681s-2(b).

19.     Bank of America negligently failed to review all relevant information available to it and provided by Experian, Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the Bogus Trade Lines.

20.     The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Turner's consumer credit file with Experian, Equifax and Trans Union to which it is reporting such trade line.

21.     As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

22.     Bank of America is liable to Mr. Turner by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23.     Mr. Turner has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant Bank of America for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY BANK OF AMERICA

24.      Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

25.     After being informed by Experian, Equifax and Trans Union that Mr. Turner disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Mr. Turner's dispute.

26.     Bank of America willfully failed to review all relevant information available to it and provided  by Experian as required by 15 USC 1681s-2(b).

27.     As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

28.     Bank of America is liable to Mr. Turner for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY CAPITAL ONE

29.      Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

30.     After being informed by Experian, Equifax and Trans Union of Mr. Turner's consumer dispute of the Bogus Trade Line, Capital One negligently failed to conduct a proper investigation of Mr. Turner's dispute as required by 15 USC 1681s-2(b).

31.     Capital One negligently failed to review all relevant information available to it and provided by Experian, Equifax and Trans Union in conducting its reinvestigation as required by

15 USC 1681s-2(b). Specifically, it failed to direct Experian, Equifax and Trans Union to remove the Bogus Trade Lines.

32.     The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Turner's consumer credit file with Experian, Equifax and Trans Union to which it is reporting such trade line.

33.     As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

34.     Capital One is liable to Mr. Turner by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35.     Mr. Turner has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant Capital One for damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY CAPITAL ONE

36.      Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

37.     After being informed by Experian, Equifax and Trans Union that Mr. Turner disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Mr. Turner's dispute.

7

38.     Capital One willfully failed to review all relevant information available to it and provided by Experian, Equifax and Trans Union as required by 15 USC 1681s-2(b).

39.     As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

40.     Capital One is liable to Mr. Turner for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ONE

41.      Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

42.     After being informed by Experian and Trans Union of Mr. Turner's consumer dispute of the Bogus Trade Line, Credit One negligently failed to conduct a proper investigation of Mr. Turner's dispute as required by 15 USC 1681s-2(b).

43.     Credit One negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC

1681s-2(b). Specifically, it failed to direct Experian and Trans Union to remove the Bogus Trade Line.

44. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Turner's consumer credit file with Experian and Trans Union to which it is reporting such trade line.

45. As a direct and proximate cause of Credit One's negligent failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

46. Credit One is liable to Mr. Turner by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

47. Mr. Turner has a private right of action to assert claims against Credit One arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant Credit One for damages, costs, interest and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ONE

48. Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

49. After being informed by Experian and Trans Union that Mr. Turner disputed the accuracy of the information it was providing, Credit One willfully failed to conduct a proper reinvestigation of Mr. Turner's dispute.

50.     Credit One willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

51.     As a direct and proximate cause of Credit One's willful failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

52.     Credit One is liable to Mr. Turner for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant Credit One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

<u>**COUNT VII**</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY FIRST PREMIER**

53.      Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

54.     After being informed by Experian, Equifax and Trans Union of Mr. Turner's consumer dispute of the Bogus Trade Line, First Premier negligently failed to conduct a proper investigation of Mr. Turner's dispute as required by 15 USC 1681s-2(b).

55.     First Premier negligently failed to review all relevant information available to it and provided by Experian, Equifax and Trans Union in conducting its reinvestigation as required

by 15 USC 1681s-2(b). Specifically, it failed to direct Experian, Equifax and Trans Union to remove the Bogus Trade Line.

56.     The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Turner's consumer credit file with Experian, Equifax and Trans Union to which it is reporting such trade line.

57.     As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

58.     First Premier is liable to Mr. Turner by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

59.     Mr. Turner has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant First Premier for damages, costs, interest and attorneys' fees.

<u>**COUNT VIII**</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY FIRST PREMIER**

60.      Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

61.     After being informed by Experian, Equifax and Trans Union that Mr. Turner disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Mr. Turner's dispute.

62.     First Premier willfully failed to review all relevant information available to it and provided by Experian, Equifax and Trans Union as required by 15 USC 1681s-2(b).

63.     As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

64.     First Premier is liable to Mr. Turner for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## <u>COUNT IX</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY FIRST PROGRESS

65.  Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

66. After being informed by Experian, Equifax and Trans Union of Mr. Turner's consumer dispute of the Bogus Trade Line, First Progress negligently failed to conduct a proper investigation of Mr. Turner's dispute as required by 15 USC 1681s-2(b).

67. First Progress negligently failed to review all relevant information available to it and

provided by Experian, Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian, Equifax and Trans Union to remove the Bogus Trade Line.

68. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Turner's consumer credit file with Experian, Equifax and Trans Union to which it is reporting such trade line.

69. As a direct and proximate cause of First Progress' negligent failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

70. First Premier is liable to Mr. Turner by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

71. Mr. Turner has a private right of action to assert claims against First Progress arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant First Progress for damages, costs, interest and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PROGRESS

72. Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

73. After being informed by Experian, Equifax and Trans Union that Mr. Turner disputed the accuracy of the information it was providing, First Progress willfully failed to conduct a proper reinvestigation of Mr. Turner's dispute.

74. First Progress willfully failed to review all relevant information available to it and provided by Experian, Equifax and Trans Union as required by 15 USC 1681s-2(b).

75. As a direct and proximate cause of First Progress' willful failure to perform its duties under the FCRA, Mr. Turner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

76. First Progress is liable to Mr. Turner for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant First Progress for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EXPERIAN

77. Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

78. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Turner as that term is defined in 15 USC 1681a.

79. Such reports contained information about Mr. Turner that was false, misleading, and inaccurate.

80. Experian negligently failed to maintain and/or follow reasonable procedures to assure

14

maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Turner, in violation of 15 USC 1681e(b).

81. After receiving Mr. Turner's consumer dispute to the Bogus Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

82. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Turner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

83. Experian is liable to Mr. Turner by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EXPERIAN

84. Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

85. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Turner as that term is defined in 15 USC 1681a.

86. Such reports contained information about Mr. Turner that was false, misleading, and inaccurate.

87. Experian willfully failed to maintain and/or follow reasonable procedures to assure

maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Turner, in violation of 15 USC 1681e(b).

88.  After receiving Mr. Turner's consumer dispute to the Bogus Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

89. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Turner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

90. Experian is liable to Mr. Turner by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

91. Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

92. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Turner as that term is defined in 15 USC 1681a.

93. Such reports contained information about Mr. Turner that was false, misleading, and inaccurate.

94. Equifax negligently failed to maintain and/or follow reasonable procedures to assure

maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Turner, in violation of 15 USC 1681e(b).

95. After receiving Mr. Turner's consumer dispute to the Bogus Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

96. Equifax negligently failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period on the date which Equifax received notice of the dispute from Plaintiff as required by 15 U.S.C. 1681i.

97. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Turner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

98. Equifax is liable to Mr. Turner by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EQUIFAX

99. Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

100. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Turner as that term is defined in 15 USC 1681a.

101. Such reports contained information about Mr. Turner that was false, misleading, and inaccurate.

17

102.     Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Turner, in violation of 15 USC 1681e(b).

103.      After receiving Mr. Turner's consumer dispute to the Bogus Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

104.     Equifax willfully failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period on the date which Equifax received notice of the dispute from Plaintiff as required by 15 U.S.C. 1681i.

105.     As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Turner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

106.     Equifax is liable to Mr. Turner by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION

107.     Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

108.     Defendant Trans Union prepared, compiled, issued, assembled, transferred,

published, and otherwise reproduced consumer reports regarding Mr. Turner as that term is defined in 15 USC 1681a.

109.     Such reports contained information about Mr. Turner that was false, misleading, and inaccurate.

110.     Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Turner, in violation of 15 USC 1681e(b).

111.      After receiving Mr. Turner's consumer dispute to the Bogus Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

112.     Trans Union negligently failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period on the date which Trans Union received notice of the dispute from Plaintiff as required by 15 U.S.C. 1681i.

113.     As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Turner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

114.     Trans Union is liable to Mr. Turner by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XVI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION

115. Plaintiff realleges Paragraphs One through Sixteen above as if recited verbatim.

116. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Turner as that term is defined in 15 USC 1681a.

117. Such reports contained information about Mr. Turner that was false, misleading, and inaccurate.

118. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Turner, in violation of 15 USC 1681e(b).

119. After receiving Mr. Turner's consumer dispute to the Bogus Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

120. Trans Union willfully failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period on the date which Trans Union received notice of the dispute from Plaintiff as required by 15 U.S.C. 1681i.

121. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Turner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

122.     Trans Union is liable to Mr. Turner by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.


DATED: July 28, 2017

By: _/s/ Brian J. Olszewski_____
One of Plaintiff's Attorneys

Anthony G. Barone (#6196315)
Brian J. Olszewski (#6283673)
Barone Law Group, P.C.
635 Butterfield Rd., Suite 145
Oakbrook Terrace, IL 60181
Phone: 630-472-0037
Fax:    630-472-0864
abarone@baronelawgroup.com
bolszewski@baronelawgroup.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Christopher Turner*